IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY JAMES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0076-N |
| | § | |
| RICHARD LeMAY, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Terry James, a citizen of Texas, against three employees of Fiesta Food Mart, Inc. On January 15, 2010, plaintiff tendered a three-page complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on February 2, 2010. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

Plaintiff, who is African-American, was hired as a night stocker at a Fiesta supermarket in July 2008. (*See* Plf. Compl. at 1). Three months later, plaintiff complained to his supervisors that two co-workers used a derogatory racial term in his presence. (*Id.*). Instead of taking disciplinary action against the co-workers, the supervisors accused plaintiff of theft and terminated his employment. (*See id.* at 1-2). Following his termination, plaintiff alleges that three Fiesta employees--Richard LeMay, Wanda Parish, and Theresa Tristein--called him a "thief" to potential employers, the Texas Unemployment Commission, the EEOC, a state prosecutor, and in pleadings filed in another federal lawsuit. (*Id.* at 2; Mag. J. Interrog. #1). Plaintiff now sues LeMay, Parish, and Tristein for "defamation of character" and "conspiracy to interfere with [his] right to employment." (*See* Mag. J. Interrog. #1).

A.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff does not allege a cognizable claim arising under federal law. Although the Civil Cover Sheet submitted by plaintiff indicates that he is suing for a civil rights conspiracy under 42 U.S.C. § 1985, his interrogatory answers suggest that his claim against defendants is for "defamation of character." (*See* Mag. J. Interrog. #1). Such a claim arises under Texas law, not federal law. *See*

*Waddleton v. Blalock*, 277 F.3d 1374 (Table), 2001 WL 1485851 at *1 (5th Cir. Nov. 16, 2001),

*citing Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988) (claims for defamation, including

libel and slander, are state law matters not actionable under any federal statute).  Moreover, plaintiff

has failed to allege any facts to establish a civil rights conspiracy.  In order to maintain a cause of

action under section 1985, plaintiff must show class-based discriminatory animus and interference

with a right that is protected against private as well as official encroachment. *See Yoes v. Owens*,

No. 3-03-CV-1750-D, 2005 WL 440460 at *3 (N.D. Tex. Feb. 25, 2005), *citing Bray v. Alexandria*

*Women's Health Clinic*, 506 U.S. 263, 268, 113 S.Ct. 753, 758, 122 L.Ed.2d 34 (1993).  Even if

plaintiff could show that the defendants interfered with a right of constitutional dimension, there is

no allegation of class-based discriminatory animus.  As a result, plaintiff's conspiracy claim fails as

a matter of law. *Id., citing Gant v. Principi*, No. 3-03-CV-1209-BD, 2004 WL 2988549 at *3 (N.D.

Tex. Dec. 27, 2004).[1]

Nor is there any basis for federal diversity jurisdiction.  It is apparent from the face of the

complaint and interrogatory answers that plaintiff and all defendants are citizens of Texas.  (*See*

Mag. J. Interrog. #3).  Because there is no basis for federal subject matter jurisdiction, this case must

be dismissed.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed for lack of subject matter jurisdiction.

---

[1] The court notes that plaintiff filed a separate lawsuit against his former employer, Fiesta Food Mart, Inc., and the
store manager, Richard LeMay, alleging hostile work environment, disparate pay, and retaliation in violation of Title
VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*  That case was recently dismissed on
summary judgment. *James v. LeMay*, No. 3-09-CV-0711-P (N.D. Tex. Jan. 14, 2010).  To the extent plaintiff attempts
to assert claims in the instant case that are based on the "same nucleus of operative facts" as the earlier case, such claims
are barred by res judicata. *See Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert.
denied*, 126 S.Ct. 1662 (2006).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  February 8, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE